UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM FISCHER, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 23-12230-FDS |
| STEPHANIE NAPIER, Acting Warden, FMC Devens, | ) ) ) ) ) | |
| Respondent. | ) ) ) | |

**MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS
PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS**

**SAYLOR, C.J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by an individual in federal custody at Federal Medical Center Devens in Ayer, Massachusetts. Petitioner William Fischer contends that the Federal Bureau of Prisons ("BOP") improperly denied him monetary incentive awards under the First Step Act ("FSA"), 18 U.S.C. § 3632, after he completed several vocational training courses. Stephanie Napier, the acting warden of FMC Devens, has moved to dismiss the petition. For the reasons below, the motion will be granted.

**I.     Background**

    **A.     Factual Background**

In September 2018, the U.S. District Court for the Middle District of Pennsylvania sentenced William Fischer to a term of 235 months of imprisonment, followed by three years of supervised release, for bank robbery, armed bank robbery, and brandishing a firearm during a crime of violence. *United States v. Fischer*, No. 17-00374, ECF No. 44 (M.D. Pa. 2018).

On April 4, 2023, this court determined that petitioner was not eligible to earn FSA time

credits to reduce his period of incarceration due to the nature of his sentences. *See Fischer v. Boncher*, No. 22-11611, ECF No. 13 (D. Mass. April 4, 2023). However, he has nonetheless participated in recidivism-reduction programming while at FMC Devens, including three courses exceeding 100 credit-hours. (Pet. Ex. 5B). The BOP has instituted a policy of providing limited financial incentives for inmates who complete recidivism-reduction programs worth 100 or more credit-hours. *See* BOP Program Statement 5220.01 at 5 (2021); 18 U.S.C. § 3632(d)(3).

Petitioner twice requested that he receive a financial award of $50 for each of the courses exceeding 100 credit-hours, totaling $150. (Pet'r Exs. 2, 3). He then sought an administrative remedy, resulting in four successive denials of his request due to an alleged disciplinary infraction, ending in February 2023. (Pet'r Exs. 4, 7, 12, 14).

### B.      Procedural Background

This petition for a writ of habeas corpus was filed on September 28, 2023. It alleges that the BOP failed to abide by its own program statement and "violated [his] due process rights" by failing to provide adequate responses to his appeals. Petitioner seeks relief in the form of the $150 he asserts he is owed. (Pet. 6-7). Respondent moved to dismiss the petition for a failure to state a claim upon which relief may be granted on October 23, 2023.

## II.      Legal Standard

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and alterations omitted).

### III. Analysis

Petitioner's essential challenge is to the BOP's decision not to disburse monetary incentive payments. Respondent contends that the decision is not the proper subject of a § 2241 habeas petition.

Section 2241 allows "a federal inmate who is 'in custody' to challenge the execution of (rather than the imposition of) [their] sentence." *Francis v. Maloney*, 798 F.3d 33, 36 (1st Cir. 2015). In general, if a prisoner is seeking "a quantum change in [his] level of custody . . . then habeas corpus is his remedy," but if he is "challenging the conditions rather than the fact of his confinement . . . his remedy is under civil rights law[.]" *Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 873 (1st Cir. 2010) (quoting *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil-rights action].").

If a § 2241 petition does not challenge the validity or duration of a prisoner's confinement, however, the district court lacks jurisdiction to grant relief. *See Lee v. Grondolsky*, 2015 WL 7194851, at *4 (D. Mass. Nov. 16, 2015) (dismissing a § 2241 petition challenging the petitioner's exclusion from an education program based on the BOP's determination that he was not medically qualified based on a lack of subject-matter jurisdiction); *Phelps v. Grondolsky*,

2011 WL 1575507, at *1 (D. Mass. Apr. 26, 2011) (dismissing a § 2241 petition challenging the BOP's decision to exclude the petitioner from the prison libraries for lack of jurisdiction); *Young v. United States*, 2010 WL 1506545, at *2 (D. Mass. Apr. 12, 2010); *Mattingley v. Spaulding*, 2018 WL 4778410, at *2-3 (D. Mass. Oct. 3, 2018). Several courts have accordingly concluded that the BOP's denial of incentive award payments cannot be reviewed under § 2241. *See Bonnie v. Dunbar*, 2023 WL 2248965, at *2 (D.S.C. Jan. 19, 2023), *adopted*, 2023 WL 2248321 (D.S.C. Feb. 27, 2023); *Grigsby v. Howard*, 2021 WL 11394361, at *1 (D. Ariz. Aug. 25, 2021).

Here, petitioner does not seek release or any other modification to his present confinement. Instead, his grievance is the denial of $150 in incentive awards. Even assuming that claim may be considered directed to a "condition" of his confinement, it is not one that challenges the validity or duration of that confinement. Although some conditions might be sufficiently "closely related" to the validity or duration of a sentence to support a § 2241 petition, those circumstances are not present here. *Cf. Brennan v. Cunningham*, 813 F.2d 1, 4 (1987). Therefore, the petition does not set forth a claim upon which relief can be granted, and it will be dismissed.

## IV. Conclusion

For the foregoing reasons, respondent's motion to dismiss is GRANTED.

**So Ordered.**

Dated: November 27, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court